UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JOHN SCOTTI, SANDYA SHETTY, and
CHARITABLE FOUNDATION ALERT INC.,

                      Plaintiffs,

                v.

UNITED STATES OF AMERICA,
RICHARD L. SCOTT, Governor of Florida,
CARLOS LOPEZ-CANTERA, Lieutenant Governor
of Florida, FLORIDA DEPARTMENT OF
EDUCATION, and SCOT PETERSON, Former
Deputy Broward County,

                      Defendants.

**MEMORANDUM & ORDER**
18-CV-1725 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs John Scotti and Sandya Shetty,[1] proceeding *pro se*, commenced the above-captioned action on March 20, 2018, against Defendants the United States of America, three Florida state officials, and the Florida Department of Education, alleging constitutional violations for failures to "pass laws and a budget to adequately finance" security measures at educational facilities throughout the country. (Compl. 6, Docket Entry No. 1.)[2] By Memorandum and Order dated April 24, 2018, the Court dismissed the Complaint for lack of

---

     [1] The Court previously explained that Charitable Foundation Alert Inc. ("Alert Inc.") could not be named as a plaintiff unless represented by counsel. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A] layperson may not represent a corporation."). Because Alert Inc. remains unrepresented by counsel, the Court does not address any claims made on behalf of Alert Inc.

     [2] Because the Complaint and the Amended Complaint are not consecutively paginated, the Court refers to the page number assigned by the Electronic Case Filing ("ECF") System.

subject matter jurisdiction because of Plaintiffs' lack of standing. ("April 2018 Decision," Docket Entry No. 12.) Mindful of Plaintiffs' *pro se* status, the Court granted Plaintiffs leave to file an amended complaint. (*Id.* at 5.) On June 8, 2018, Plaintiffs filed an Amended Complaint but failed to cure any deficiencies detailed in the April 2018 Decision. (Am. Compl., Docket Entry No. 15.) Accordingly, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction.

I. Discussion

In the original Complaint, Plaintiffs failed to allege any injury specific to themselves. (*See generally* Compl.) Plaintiffs instead alleged injury on behalf of "students, teachers, and first responders inside and outside of educational facilities throughout the United States" who were harmed as a result of inadequate security at schools. (*Id.* at 4.) They also alleged injury on behalf of "every parent, aunt, uncle, grandparent," affected by school shootings. (*Id.* at 7.) As a result, the Court determined that Plaintiffs failed to allege any basis for third-party standing, and that these generalized grievances were insufficient to confer Article III standing. (*See* April 2018 Decision 4–5.)

The Amended Complaint fares no better as it largely repeats the allegations contained in the original Complaint. (*See generally* Am. Compl.) Although the Amended Complaint includes the additional allegation that "Plaintiffs have been damaged pursuant to their stated mission regarding school safety" due to Defendants' failures to act, Plaintiffs fail to allege any basis to conclude that Defendants owed any duty (contractual, statutory, or otherwise) to promote or serve their mission.[3] *Cf. Mideast Sys. & China Civil Const. Saipan Joint Venture,*

---

[3] The Court does not consider organizational standing as the individual *pro se* Plaintiffs may not represent the organization.

*Inc. v. Hodel*, 792 F.2d 1172, 1176 (D.C. Cir. 1986) (finding sufficient injury for Article III standing where plaintiff contended that "it was improperly denied the award of a contract"); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 486 (1982) ("Standing to sue . . . 'is not measured by the intensity of the litigant's interest or the fervor of his advocacy.'" (citation omitted)); *United States v. Richardson*, 418 U.S. 166, 179 (1974) ("Slow, cumbersome, and unresponsive though the traditional electoral process may be thought at times, our system provides for changing members of the political branches when dissatisfied citizens convince a sufficient number of their fellow electors that elected representatives are delinquent in performing duties committed to them."). Without such a duty, Plaintiffs' claims effectively request legislative action "seeking relief that no more directly and tangibly benefits [Plaintiffs] than it does the public at large." *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see also Gill v. Whitford*, 585 U.S. ---, ---, 138 S. Ct. 1916, 1931 (2018) ("[T]he citizen's abstract interest in policies adopted by the legislature on the facts here is a nonjusticiable 'general interest common to all members of the public.'" (citation omitted)).

Plaintiffs' claims thus remain generalized grievances insufficient to confer Article III standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. ---, ---, 134 S. Ct. 1377, 1387 n.3 (2014) (holding generalized grievances "are barred for constitutional reasons, not 'prudential' ones"); *Bender v. Obama*, 653 F. App'x 31, 32 (2d Cir. 2016) (holding generalized grievances "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . do[] not state an Article III case or controversy" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992)); *see also Montesa v. Schwartz*, 836 F.3d 176, 195 (2d Cir. 2016) (holding the "rule against the adjudication of generalized grievances," the rule against third party standing, and the rule barring claims that fall outside "the zone of interests,"

"[a]lthough characterized as 'prudential,' [to be] concerns relate[d] to the elements of Article III standing" (citations omitted)). Accordingly, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction. *See Cortlandt St. Recovery Corp.*, 790 F.3d at 416–17.

## II. Conclusion

For the reasons set forth above, the Court dismisses without prejudice the Amended Complaint for lack of subject matter jurisdiction, based on Plaintiffs' lack of standing pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) ("[W]e again 'note that where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice.'" (citation omitted)); *Fountain v. Karim*, 838 F.3d 129, 134 n.5 (2d Cir. 2016) ("[A] district court can dismiss an action for lack of subject-matter jurisdiction under Rule 12(b)(1) *sua sponte*." (first citing Fed. R. Civ. P. 12(h)(3) then citing *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001))). The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 5, 2018
      Brooklyn, New York